IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| John Clark<br><br>    Plaintiff,<br><br>v.<br><br>Avatar Technologies Phl, Inc., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 4:13-cv-02777<br>)<br>)<br>)<br>)<br>) |

## FLOWROUTE LLC'S MOTION TO DISMISS UNDER RULE 12(B)(1) AND (6) OR, IN THE ALTERNATIVE, FOR DISMISSAL PENDING PRIMARY JURISDICTION REFERRAL

Defendant Flowroute LLC ("Flowroute"), by its undersigned attorney, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), respectfully moves this Honorable Court to dismiss the claims set forth in plaintiff John Clark's ("Clark") Original Class Action Complaint [Doc. # 1] ("Complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, or alternatively, dismiss and refer this case to the Federal Communications Commission ("FCC") pursuant to the doctrines of primary jurisdiction and exhaustion of administrative remedies.

As plaintiff's claims against Flowroute do not arise from any federal law, federal question jurisdiction is absent with respect to the claims against Flowroute. 47 U.S.C. § 227(b)(1)(A)(iii) only creates a cause of action against persons that "make" calls, and the Complaint does not allege that Flowroute "made" any calls. The Complaint's allegations that there is class action diversity jurisdiction under 47 U.S.C. § 1332(d)(2) are also not

facially plausible because the claims pled in the Complaint do not meet the jurisdictional amount of $5 million and the Complaint is devoid of a factual basis that satisfies Rule 23's prerequisites for a class action. For the same reasons that subject matter jurisdiction is wanting, the Complaint fails to state plausible class allegations or a claim against Flowroute under 47 U.S.C. § 227(b)(1)(A)(iii) upon which relief can be granted.

Should this Court dismiss the federal claims, it should decline to exercise 28 U.S.C. § 1367 supplemental jurisdiction over plaintiff's pendant state law claims. However, should the Court retain jurisdiction, those counts should also be dismissed for failure to state claims for which relief can be granted. Plaintiff's state common law claims are preempted by FCC regulations, the Telephone Consumer Protection Act, and the Communications Act, which together establish the comprehensive, uniform regulatory scheme intended by Congress. Furthermore, there are no specific factual allegations in the Complaint supporting the claims for unjust enrichment and civil conspiracy.

If there are any issues unresolved after the Court's decision on Flowroute's Rule 12(b) motion to dismiss, the Court should dismiss this case and refer those unresolved issues to the FCC pursuant to the doctrine of exhaustion of administrative remedies and the doctrine of primary jurisdiction. The Communications Act provides plaintiff with a simple, expeditious process for obtaining a ruling from the FCC that ensures application of the FCC's expertise and experience. Plaintiff has failed to exhaust that administrative remedy. Referral to the FCC will ensure uniform decisions as to whether a telecommunications carrier can be held liable for alleged violations of 47 U.S.C. §

227(b)(1)(A)(iii) by customers that make calls. This issue is within the unique province of the FCC.

A memorandum of law in support of this motion is filed along with it.

For these reasons, Flowroute respectfully moves the Court for entry of an order dismissing the plaintiff's Complaint against Flowroute with prejudice and for such other and further relief as may be appropriate.

Respectfully submitted,

/s/ James U. Troup
James U. Troup
(Attorney-in-Charge)
Virginia Bar No. 27065
Fletcher, Heald & Hildreth, PLC
1300 N. 17th St., Suite 1100
Arlington, VA 22209
(703) 812-0511 (telephone)
(703) 812-0486 (facsimile)
troup@fhhlaw.com

Attorney for Flowroute LLC

November 5, 2013

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 5th day of November, 2013, the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case and/or to the attorney of record as follows:

By: Electronic Service

David Edwards Wynne
Wynne & Wynne LLP
711 Louisiana St
Suite 2010
Houston, TX 77002

_____
James U. Troup