IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CLARK, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-2777 |
| § | | |
| AVATAR TECHNOLOGIES PHL, § | | |
| INC., *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This telecommunications case is before the Court on the Motion to Dismiss Under Rule 12(b)(1) and (6) or, In the Alternative, for Dismissal Pending Primary Jurisdiction Referral ("Motion to Dismiss") [Doc. # 8] filed by Defendant Flowroute LLC ("Flowroute").[1]  Plaintiff John Clark filed a Response [Doc. # 12], Flowroute filed a Reply [Doc. # 13], and Clark filed a Sur-Reply [Doc. # 14].  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the

---

[1] Plaintiff has not yet served Defendant Avatar Technologies Phl, Inc. ("Avatar").

Court **grants** Flowroute's Motion to Dismiss, but will allow Plaintiff an opportunity to replead.

## I. BACKGROUND

Plaintiff filed his Original Class Action Complaint [Doc. # 1], alleging that Avatar and Flowroute violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits making a call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless made for emergency purposes or with express consent. *See* Original Complaint, ¶ 11. Plaintiff alleges that, in July 2013, Avatar made a call to his cellular telephone using an "artificial or prerecorded voice." *See id.*, ¶ 14. Plaintiff alleges that Avatar made the call using "Flowroute's VoIP services, and employing Flowroute's Calling Name Management Service ("CNAM-MS") to alter the caller's identification as it appeared on Plaintiff's cellular phone." *Id.*

## II. MOTION TO DISMISS STANDARDS

### A. Rule 12(b)(1)

Flowroute challenges this Court's subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In considering a challenge to

subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. U.S.*, 560 F.3d 381, 386 (5th Cir. 2009).

"[W]here issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits." *Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004). "In circumstances where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id.* (internal quotations omitted). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Castro*, 560 F.3d at 386. The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

**B.** **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. <u>ANALYSIS - TCPA CLAIMS</u>

The TCPA, enacted in 1991, makes it "unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to any telephone number assigned to a cellular

telephone service unless in an emergency or with consent of the recipient of the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii). An automatic telephone dialing system ("ATDS") is defined as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In the Complaint, Plaintiff alleges that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) on July 31, 2013, when Avatar made a call to Plaintiff's cellular telephone using an artificial or prerecorded voice. Plaintiff alleges that Avatar used Flowroute's technology to alter the caller's identification so that an inaccurate caller identification number appeared on Plaintiff's cellular phone.

### A. Requirement that a Defendant "Make Any Call"

Under the TCPA, it is unlawful to "make any call" that otherwise violates the statute. Plaintiff alleges that Avatar, not Flowroute, made the July 31, 2013, call to his cellular telephone. Plaintiff seeks to impose TCPA liability on Flowroute based on the allegation that Avatar used Flowroute's technology to make the challenged call. Plaintiff cites no legal authority to support the argument that, without more, the TCPA imposes liability on the telecommunications carrier whose systems are used by another to make an unlawful call to a cellular phone. This Court's research has revealed none.

Plaintiff alleges summarily that Avatar and Flowroute conspired to violate the TCPA. Plaintiff, however, cites no legal authority that supports the application of a conspiracy theory to impose liability under the TCPA. The United States District Court for the District of Maryland rejected a similar attempt to impose TCPA liability on a party that did not "make any call." *See Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736 (D. Md. 2008). In that case, the district court noted that a statute under which a private plaintiff may sue and recover damages from a private defendant generally includes no presumption that the plaintiff may also sue aiders and abettors. *Id.* at 745 (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182 (1994)). This is true because "'Congress [knows] how to impose aiding and abetting liability when it [chooses] to do so.'" *Id.* at 745-46 (quoting *Central Bank*, 511 U.S. at 176, 182-83).

Like aiding and abetting, conspiracy is a means of imposing secondary liability on a defendant other than the one who violated a statute. *See id.* at 746 (citing *Central Bank*, 511 U.S. at 184. "Aiding and abetting liability, by its nature, extends liability beyond those who engage, even indirectly, in a proscribed activity; it applies to persons who may not engage in the proscribed activities at all." *Id.* (citing *Central Bank*, 511 U.S. at 176). Plaintiff in this case similarly seeks to impose liability on Flowroute, who Plaintiff concedes did not "make any call," based on a conspiracy

allegation. Plaintiff cites no legal authority to support the assertion that TCPA liability can be based on an alleged conspiracy, and this Court is aware of none. It is undisputed that the plain language of the statute does not specifically allow for such secondary liability. As a result, the Court declines to expand liability under the TCPA to a telecommunications carrier who is alleged to have conspired with the defendant who Plaintiff claims actually made the call.

This ruling is supported by the legislative history of the TCPA, in which it was made clear that the statute and the regulations "apply to the persons initiating the telephone call or sending the message and ***do not apply*** to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." *See* S. Rep. No. 102-178, at 9 (1991) (emphasis added). Because the legislative history demonstrates that Congress intended that the TCPA not apply to telecommunications common carriers unless they controlled the content of the call or message, the Court concludes that Congress did not intend to allow secondary liability on telecommunications carriers based on an allegation of

conspiracy.[2] As a result, Plaintiff's TCPA claim against Flowroute, which is based on an alleged conspiracy, is dismissed with prejudice.

### B. Telemarketing Sales Rule

In a footnote in the Original Complaint, Plaintiff states that Flowroute violated the Telemarketing Sales Rule ("TSR") by "assisting and facilitating" a telemarketer. *See* Original Complaint, p. 4, n.3. The Federal Trade Commission ("FTC"), when adopting the TSR, specifically excepted activities outside the FTC's jurisdiction. *See Telemarketing Sales Rule*, 60 Fed. Reg. 43842, 43843 (1995). The Federal Trade Commission lacks jurisdiction to regulate telecommunications common carriers such as Flowroute. *See* 15 U.S.C. § 45(a)(2). Consequently, the TSR does not apply to Flowroute and the claim, to the extent the footnote is intended to assert a claim, is dismissed with prejudice.

### C. Provision of Inaccurate Caller Identification Information

---

[2]For the same reasons, Plaintiff's state law civil conspiracy claim against Flowroute fails as a matter of law. *See Trammell Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631, 635 (Tex. 1997) (holding that since civil conspiracy is a derivative tort, the plaintiff must show that the defendants were liable for some underlying tort in order to prevail on this cause of action).

Section 227(e) of the TCPA provides that it is "unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e). Although Plaintiff does not assert § 227(e) as the basis for his TCPA claim, he alleges that the call from Avatar contained inaccurate caller identification information. *See* Original Complaint, ¶ 14.

Misrepresentation of the called identification information is known as "spoofing." *See Tel-Tech Sys., Inc. v. Bryant*, 702 F.3d 232, 234 (5th Cir. 2012). "The practice has both improper and legitimate applications." *Id.* As a result, Congress drafted § 227(e) of the TCPA specifically to protect the legitimate applications and to prohibit only those applications intended to do harm. *See id.* at 238. In this case, Plaintiff has failed to allege that Flowroute acted with the intent to defraud, cause harm, or wrongfully obtain anything of value from Plaintiff. As a result, the § 227(e) claim – to the extent one is asserted – is dismissed.

## IV.    <u>ANALYSIS - UNJUST ENRICHMENT CLAIM</u>

Plaintiff alleges that Flowroute received fees paid by cellular service providers, and that Flowroute shared its fees with Avatar. Flowroute argues that Plaintiff has

failed to state a valid unjust enrichment claim. "A plaintiff recovers under an unjust enrichment theory if a defendant obtains a benefit *from the plaintiff* 'by fraud, duress, or the taking of an undue advantage.'" *Kohannim v. Katoli*, __ S.W.3d __, 2013 WL 3943078 *11 (Tex. App. – El Paso, 2013) (quoting *Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)) (emphasis added); *see also Cristobal v. Allen*, 2010 WL 2873502, *6 (Tex. App. – Houston [1st Dist.] July 22, 2010). Plaintiff does not allege that Flowroute obtained anything from him. Instead, Plaintiff alleges that Flowroute obtained a benefit from its Co-Defendant, Avatar, who paid Flowroute to use its telecommunication services. As a result, Plaintiff has alleged facts that demonstrate he does not have a viable unjust enrichment claim against Flowroute under Texas law. Flowroute is entitled to dismissal of the unjust enrichment claim.

## V.     LEAVE TO REPLEAD

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In his Response, Plaintiff requests leave to amend the complaint should the Court determine that Defendant's Motion to Dismiss has merit. The Court concludes that Plaintiff should be given an

opportunity to amend the complaint by February 14, 2014, to attempt to assert a viable unjust enrichment claim and/or a valid TCPA claim under § 227(e). Plaintiff may not include allegations for which he has does not have a good faith legal and factual basis. *See* FED. R. CIV. P. 11(b).

## VI. CONCLUSION AND ORDER

Plaintiff has failed to state a viable claim for relief against Flowroute. As a result, it is hereby

**ORDERED** that Defendant Flowroute's Motion to Dismiss [Doc. # 8] is **GRANTED**. Plaintiff is granted leave to file an amended complaint by **February 14, 2014**, to attempt to assert a viable unjust enrichment and/or § 227(e) claim. If Plaintiff fails to file an amended complaint, subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, by the February 14, 2014 deadline, the dismissal will be converted to one with prejudice.

SIGNED at Houston, Texas, this **28th** day of **January, 2014.**

_____
Nancy F. Atlas
United States District Judge