IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| John Clark )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Avatar Technologies Phl, Inc., et al. )<br>)<br>Defendants. )<br>)<br>_____ ) | CIVIL ACTION NO. 4:13-cv-02777 |

**FLOWROUTE LLC'S MOTION TO DISMISS UNDER RULE 12(B)(1) AND (6) OR, IN THE ALTERNATIVE, FOR DISMISSAL PENDING PRIMARY JURISDICTION REFERRAL**

Defendant Flowroute LLC ("Flowroute"), by its undersigned attorney, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), respectfully moves this Honorable Court to dismiss the claims set forth in plaintiff John Clark's ("Clark") First Amended Class Action Complaint [Doc. # 21] ("Amended Complaint") for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, or alternatively, dismiss and refer this case to the Federal Communications Commission ("FCC") pursuant to the doctrine of primary jurisdiction.

As plaintiff's claims against Flowroute do not arise from any federal law, federal question jurisdiction is absent with respect to the claims against Flowroute. 47 U.S.C. § 227(e) does not provide for a private right of action; it only grants enforcement rights to governmental entities. Plaintiff has no legal right to bring claims against Flowroute under 47 U.S.C. § 227(e). The Amended Complaint's allegations that there is class

action diversity jurisdiction under 47 U.S.C. § 1332(d)(2) are also not facially plausible because the claims pled in the Amended Complaint do not meet the jurisdictional amount of $5 million and the Amended Complaint is devoid of a factual basis that satisfies Rule 23's prerequisites for a class action. For the same reasons that subject matter jurisdiction is wanting, the Amended Complaint fails to state plausible class allegations or a claim against Flowroute under 47 U.S.C. § 227(e) upon which relief can be granted.

Should this Court dismiss the federal claims, it should decline to exercise 28 U.S.C. § 1367 supplemental jurisdiction over plaintiff's pendant state law claim. However, should the Court retain jurisdiction, this count should also be dismissed for failure to state a claim for which relief can be granted. Plaintiff's state common law claim is preempted by FCC regulations, the Truth in Caller ID Act of 2009 (TCIA), and the Communications Act, which together establish the comprehensive, uniform regulatory scheme intended by Congress. Furthermore, there are no specific factual allegations in the Amended Complaint supporting the claim for unjust enrichment.

If there are any issues unresolved after the Court's decision on Flowroute's Rule 12(b) motion to dismiss, the Court should dismiss this case and refer those unresolved issues to the FCC pursuant to the doctrine of primary jurisdiction. Referral to the FCC will ensure uniform decisions as to whether a telecommunications carrier providing local number services to non-local telemarketers can be held liable to a called party for violations of the TCIA in a private cause of action for damages. This issue is within the unique province of the FCC.

A memorandum of law in support of this motion is filed along with it.

For these reasons, Flowroute respectfully moves the Court for entry of an order dismissing the plaintiff's Amended Complaint against Flowroute with prejudice and for such other and further relief as may be appropriate.

Respectfully submitted,

*/s/ James U. Troup*

James U. Troup
(Attorney-in-Charge)
Virginia Bar No. 27065
Fletcher, Heald & Hildreth, PLC
1300 N. 17th St., Suite 1100
Arlington, VA 22209
(703) 812-0511 (telephone)
(703) 812-0486 (facsimile)
troup@fhhlaw.com

Attorney for Flowroute LLC

February 27, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of February, 2014, the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case and/or to the attorney of record as follows:

By: Electronic Service

David Edwards Wynne
Wynne & Wynne LLP
1021 Main Street, Suite 1275
One City Centre
Houston, TX 77002

_____
James U. Troup