IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CLARK, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2777 |
| | § | |
| AVATAR TECHNOLOGIES PHL, | § | |
| INC., *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss Under Rule 12(b)(1) and (6) or, In the Alternative, for Dismissal Pending Primary Jurisdiction Referral ("Motion to Dismiss") [Doc. # 23] filed by Defendant Flowroute LLC ("Flowroute").[1] Plaintiff John Clark filed a Response [Doc. # 25], Flowroute filed a Reply [Doc. # 26], and Clark filed a Sur-Reply [Doc. # 27]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** Flowroute's Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff filed his Original Class Action Complaint [Doc. # 1], alleging that Avatar Technologies Phl, Inc. ("Avatar") and Flowroute violated the Telephone

---

[1] Plaintiff has not yet served Defendant Avatar Technologies Phl, Inc.

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits making a call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless made for emergency purposes or with express consent. Plaintiff alleged that, in July 2013, Avatar made a single call to his cellular telephone using an "artificial or prerecorded voice." *See* Original Complaint [Doc. # 1], ¶ 14. Plaintiff alleged that Avatar made the call using "Flowroute's VoIP services, and employing Flowroute's Calling Name Management Service ("CNAM-MS") to alter the caller's identification as it appeared on Plaintiff's cellular phone." *Id.*

By Memorandum and Order [Doc. # 20] entered January 28, 2014, the Court dismissed with prejudice Plaintiff's TCPA claims against Flowroute, and dismissed without prejudice Plaintiff's unjust enrichment claim. Plaintiff filed a First Amended Complaint [Doc. # 21], alleging again that Avatar made a single call to Plaintiff's cellular telephone with the caller identification screen indicating incorrectly that the Avatar call was from a local telephone number. Plaintiff alleges that Avatar made the call using Flowroute's telecommunications services and, as a result, Flowroute violated the TCPA by causing "all caller identification services to which Avatar made its calls to knowingly transmit misleading or inaccurate caller identification

information" in violation of 47 U.S.C. § 227(e), the Truth in Caller ID Act of 2009 ("TCIA").[2] Plaintiff also reasserts the unjust enrichment claim against Flowroute.

Flowroute filed its Motion to Dismiss the First Amended Complaint. The Motion has been fully briefed and is ripe for decision.

## II.   MOTION TO DISMISS STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court

---

[2]Plaintiff also asserts a TCPA claim against Flowroute, a claim previously dismissed without leave to replead. In his Response to the Motion to Dismiss, Plaintiff clarified that his federal claim against Flowroute is a Truth in Caller ID Act claim only. As a result, to the extent Plaintiff's First Amended Complaint appears to include a TCPA claim against Flowroute, that claim is dismissed with prejudice.

should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS - TCIA CLAIM

The TCIA, 47 U.S.C. § 227(e), provides that it is "unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e). Defendant argues that there is no private right of action for a violation of the TCIA.

A private right of action to enforce a federal law must be created by Congress. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). A private right of action exists if the statute contains an express provision creating such a private right. For example, the TCPA contains provisions specifically entitled "Private Right of Action" that expressly authorize lawsuits by private individuals for the violation of those specific subsections of the statute. *See*

47 U.S.C. § 227(b)(3); 227(c). "The TCPA, however, does not create a private right of action for every violation of its provisions, but instead creates such a right only in specific circumstances." *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 90 (D.D.C. 2006) (Bates, J.). The "Private Right of Action" provision of § 227(b) applies only to "a violation of this subsection or the regulations prescribed under this subsection . . .." 47 U.S.C. § 227(b)(3). It does not apply to other provisions of § 227 that do not contain an express grant of a private right of action. Congress clearly knew how to create a private right of action, having done so for § 227(b) and § 227(c); "the fact that it did so as to subsection (b) and subsection (c) but not subsection (d) of 47 U.S.C. § 227 manifests a legislative intent not to create a private right of action under subsection (d) of the statute." *Holmes v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843, 854 (S.D. Ill. 2010) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 571-72 (1979) (holding that there is no private right of action where Congress provided for such a right is some sections of a statute, but not in others)); *see also Kopff*, 425 F. Supp. 2d at 91 (holding that "Congress plainly opted *not* to permit a private civil action for violations of the fax-sender identification requirements when it omitted any mention of such a right" in § 227(d)).

Plaintiff argues that the TCIA expressly provides for a private right of action because it states that a "forfeiture penalty under this paragraph shall be in addition to

any other penalty provided for by this Act." *See* 47 U.S.C. § 227(e)(5)(A)(i). This provision does not, however, expressly allow lawsuits by private individuals. The "forfeiture penalty" at issue in § 227(e) is to be paid to the United States, not to an individual. *See id.* As discussed above, subsections § 227(b) and § 227(c) contain an express provision for a "Private Right of Action." There is no similar provision regarding violations of § 227(e).

A private right of action can also be implied. *See, e.g., Acara*, 470 F.3d at 571; *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 521 (5th Cir. 2002). The plaintiff bears a heavy burden "to show Congress intended private enforcement, and must overcome the presumption that Congress did not intend to create a private cause of action." *See Acara*, 470 F.3d at 571 (citing *Casas*, 304 F.3d at 521-22). Whether a federal statute contains an implied private right of action is determined based on a four-factor test: (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether there is evidence of legislative intent to create a private right of action; (3) whether a private right of action is consistent with the legislative scheme; and (4) whether the cause of action is one traditionally arising under state law. *See Cort v. Ash*, 422 U.S. 66, 78 (1975); *Acara*, 470 F.3d at 571 n.1; *Casas*, 304 F.3d at 521 n.6. "Particular emphasis has been placed on the second factor and without evidence of congressional intent, a private cause of action cannot be found." *Acara*,

470 F.3d at 571 n.1 (citing *Alexander*, 532 U.S. at 286); *see also Casas*, 304 F.3d at 522 (holding that "the crucial inquiry remains whether Congress actually intended to create a private remedy"). A plaintiff seeking to assert a claim under the TCIA must provide affirmative evidence of Congress's intent to grant a private right of action. *See Casas*, 304 F.3d at 522.

In this case, the statute and its legislative history indicate clearly that Congress did not intend to create a private right of action to enforce the TCIA. The statute provides that any "person that is determined by the [Federal Communications] Commission . . . to have violated this subsection shall be liable *to the United States* for a forfeiture penalty . . . ." 47 U.S.C. § 227(e)(5)(A)(I). The TCIA provides also for criminal fines. *See* 47 U.S.C. § 227(e)(5)(B). Although the TCIA provides for both civil and criminal penalties, enforcement of the statute is vested in the Commission and the states. *See* 47 U.S.C. § 227(e)(6). A state is specifically authorized to file a civil action on behalf of its residents to enforce the TCIA and impose civil penalties. *See* 47 U.S.C. § 227(e)(6)(A). The Commission has the right to intervene in lawsuits filed by a state. *See* 47 U.S.C. § 227(e)(6)(C). There is no provision in the TCIA for private citizens to file a civil action or to intervene in a civil action filed by a state. Because the TCIA "specifically delegates enforcement [to governmental entities], there is a strong indication that Congress intended to preclude

private enforcement." *See Acara*, 470 F.3d at 571 (holding that there is no private right of action to enforce the Health Insurance Portability and Accountability Act, or "HIPAA"). "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Casas*, 304 F.3d at 523 (quoting *Alexander*, 532 U.S. at 290).

The legislative history supports the Court's decision that there is no private right of action under § 227(e). The legislative history reflects an intent to "increase federal revenues and direct spending by increasing collections of civil, criminal, and forfeiture penalties for violations of the [TCIA]. All such penalties are recorded in the budget as revenues." *See* S. REP. NO. 111-96 at 4 (2009). It is clear that penalties for violations of the TCIA are intended to be revenue for governmental entities, not damages for private individuals. Plaintiff has cited no legislative history indicating that Congress intended a private right of action for violations of the TCIA, 47 U.S.C. § 227(e).

Additionally, neither Plaintiff nor Defendant has cited the Court to any case, reported in either the official or unofficial reporters, in which a court has held that a plaintiff has a private right of action under § 227(e). Plaintiff's reliance on the Fifth Circuit's decision in *Teltech Sys., Inc. v. Bryant*, 702 F.3d 232 (5th Cir. 2012), is misplaced. That case involved whether Mississippi's state Caller ID law was

preempted by the TCIA, not whether the federal statute allows a private right of action. The Fifth Circuit commented that "TCIA violators are subject to civil and criminal liability." *Id.* at 234. The Fifth Circuit then stated that "[j]ointly, TCIA and TCPA provide a private right of action . . .." *Id.* Since the TCPA contains a private right of action for violations of § 227(b) and § 227(c), it is technically accurate that it "jointly" provides a private right of action with the TCIA as well as with any other statute. Moreover, because the existence, or non-existence, of a private right of action under § 227(e) was not an issue in *Bryant*, the Fifth Circuit did not conduct the four-step analysis under *Cort v. Ash* and its comment regarding a private right of action was not a holding in the case. As a result, the *Bryant* decision does not support Plaintiff's position in this case.

Having carefully considered the language of the statute, the legislative history, governing legal authorities, and the absence of any case law holding that there is a private right of action under § 227(e), the Court concludes that Plaintiff does not have a private right of action for an alleged violation of the TCIA, 47 U.S.C. § 227(e). As a result, the claim is dismissed with prejudice.

## IV. ANALYSIS - UNJUST ENRICHMENT CLAIM

Flowroute argues that Plaintiff has failed to state a valid unjust enrichment claim under Texas law. "A plaintiff recovers under an unjust enrichment theory if a

defendant obtains a benefit *from the plaintiff* 'by fraud, duress, or the taking of an undue advantage.'" *Kohannim v. Katoli*, __ S.W.3d __, 2013 WL 3943078 *11 (Tex. App. – El Paso, 2013) (quoting *Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)) (emphasis added); *see also Cristobal v. Allen*, 2010 WL 2873502, *6 (Tex. App. – Houston [1st Dist.] July 22, 2010).

Plaintiff alleges that Flowroute obtained a benefit from him "because its falsification of the caller identification stimulated Plaintiff's answering the call on July 31, 2013, and higher answer rates in general, and thus supports higher pricing, and/or continued charges, for its service to the likes of Avatar." First Amended Complaint, ¶ 53. Plaintiff alleges also that he provided a benefit to Flowroute "by answering the unlawful calls that use the false caller identification and thus enabling Flowroute to obtain more lucrative telemarketing clients by showing increased success rates, including Plaintiff's having answered the subject telemarketing call that used Flowroute's falsifying local number identification service." *Id.* Neither of these alleged benefits to Flowroute – higher prices charged to Avatar and "more lucrative telemarketing clients" – are obtained *from* Plaintiff. Any higher prices are obtained from Avatar, and any "more lucrative telemarketing clients" are obtained from the universe of potential telemarketing clients. Additionally, Plaintiff has failed to allege plausible facts supporting his belief that his answering a single call to his cellular

telephone resulted in Flowroute's ability to charge higher prices and/or obtain more lucrative clients. As a result, Plaintiff has failed to allege facts that show a viable unjust enrichment claim against Flowroute under Texas law. Flowroute is entitled to dismissal of the unjust enrichment claim with prejudice.

## V.     CONCLUSION AND ORDER

Plaintiff does not have a private right of action for an alleged violation of the TCIA, and he has failed to state a viable claim for relief against Flowroute for unjust enrichment. As a result, it is hereby

**ORDERED** that Defendant Flowroute's Motion to Dismiss [Doc. # 23] is **GRANTED** and Plaintiff's claims against Flowroute are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **3rd** day of **April, 2014.**

_____
Nancy F. Atlas
United States District Judge